No.——

First Circuit

————

SKINNER v. HEXT

————

(May 8, 1928. Opinion and Decree.)

————

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Payment—Par. 21, 24; Evidence—Par. 59.**
Where defendant, in suit on open account pleads payment, the burden is on him to prove it.

2. **Louisiana Digest—Appeal—Par. 625, 635.**
Where there is not sufficient showing by defendant, on whom the burden of proving payment rested, that the trial judge erred as to matters of fact, the judgment will be affirmed.

Appeal from the Parish of Beauregard. Hon. Jerry Cline, Judge.

Action by Alonzo Skinner against Henry Hext.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Ped C. Kay, of DeRidder, attorney for plaintiff, appellee.

E. L. Stewart, of DeRidder, attorney for defendant, appellant.

LECHE, J.  Plaintiff sues for a balance due him by defendant on an open account.

The only facts that are made clear in the evidence, are, that plaintiff is a merchant, that defendant bought merchandise from him and owed him at one time six hundred sixty-five and 33-100 dollars; that defendant paid plaintiff on each of two occasions, fifty dollars, thus reducing the debt to $565.33, that subsequently defendant delivered to plaintiff a. quantity of sugar cane syrup, the proceeds whereof were also to be credited to defendant on the open account.

Plaintiff admits as a witness on cross-examination, that he received from defendant syrup of the value of $197.00 or $196.00, then one hundred and ten gallons in half gallon cans, then two hundred and five gallons in one gallon cans. Plaintiff then says that he had consented to accept the syrup at the price of (.85) eighty-five cents per gallon when contained in half gallon cans and (.80) eighty cents per gallon when contained in one gallon cans.  He concedes that he could have made mistakes in accounting for the syrup.

Defendant contends that the syrup was worth one dollar per gallon, that he did not know that plaintiff was unwilling to pay more than eighty and eighty-five cents per gallon.  In his answer to plaintiff's demand, defendant claims that he delivered to plaintiff the same amount of syrup which plaintiff admits as a witness, to have received, but that he is entitled to be credited at the rate of one dollar per gallon, instead of eighty and eighty-five cents per gallon.

Taking the admissions of plaintiff as a witness to be true, they do not show an indebtedness to him by defendant, of $258.63 as claimed in his petition, and taking the facts alleged in defendant's answer as true, they do not support his defense to the effect that he has fully satisfied his indebtedness to plaintiff.

Of course the burden of proving payment rests on the defendant.  We do not believe that he has fulfilled this legal requisite.  There were filed in evidence, two sheets of note paper covered with figures in pencil, but no writing to indicate what these figures represent, and from these figures defendant contends that even accepting plaintiff's showing as correct, he is at least entitled to have the judgment of the District Court against him, reduced from $86.79 to $73.93.  We do not think that we would be justified in accepting these figures as admissions against interest by plaintiff, as they are unexplained and there is nothing to indicate that plaintiff, if he made the pencil memoranda, intended any such admission.

The evidence is by no means clear to us.  The trial judge believed that defendant still owes plaintiff $86.79 and there is not sufficient showing by defendant that the judge has erred.  Plaintiff did not appeal and did not answer defendant's appeal, and the only legal and reasonable disposition that we can make of the appeal, is to affirm the judgment of the District Court, and it is so ordered.